**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**PATRICK L. O'CONNOR,**

      **Plaintiff,**

                                                     Case No. 05-70726

v.

                                                   HONORABLE DENISE PAGE HOOD

**UNITED STATES OF AMERICA,**

      **Defendant.**

_____/

**MEMORANDUM OPINION & ORDER GRANTING**
**DEFENDANT'S MOTION TO DISMISS**

**I.    BACKGROUND**

On March 19, 1990, the United States entered into a consent judgment with Plaintiff Patrick O'Connor. Plaintiff agreed to pay the United States $79,354.47, plus interest, stemming from Plaintiff's activities with O'Connor LaLonde Construction Company, Inc., and an additional $51,627.14 for his involvement with O'Connor Brothers, Inc. On April 10, 2004, the Internal Revenue Service ("IRS") issued Plaintiff a Final Notice of Intent to Levy. Plaintiff then requested a collection due process hearing with the IRS appeals office, and such a hearing was held at the IRS Office of Appeals in Jacksonville, Florida. On November 12, 2004, the IRS issued a Notice of Determination upholding the levy and notifying Plaintiff of his right to file a complaint in the appropriate United States District Court for a redetermination.

Plaintiff filed a petition with the United States Tax Court on December 13, 2004, which was dismissed for lack of jurisdiction. Plaintiff thereafter filed the instant Complaint in this Court, claiming the 1990 consent judgment is invalid because it was not renewed within the ten-year time limit set forth under Michigan law. Plaintiff's Complaint sets forth a pure question of law, and the

IRS determination of the issue is reviewed *de novo*. *Lapham Found. Inc. v. C.I.R.*, 389 F.3d 606, 610 (6th Cir. 2004).

This matter is before the Court on the United States' Motion to Dismiss, filed April 29, 2005. Plaintiff filed a Response on April 30, 2005, along with an addendum on May 1, 2005. The United States filed a Reply on May 13, 2005. On the same date, Plaintiff filed a Sur-Reply.[1] The United States presents three main arguments in support of its Motion: (1) sovereign immunity applies; (2) the Court lacks jurisdiction to grant injunctive relief in this case; and (3) venue is improper. For the reasons set forth below, the Court grants Defendant's Motion to Dismiss.

## II. APPLICABLE LAW & ANALYSIS

### A. Venue

Because it is a threshold issue, the Court will first address the propriety of this action's venue in the Eastern District of Michigan. 28 U.S.C. § 1391(e) provides as follows:

> A civil action in which a defendant is . . . the United States may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action . . . .

Plaintiff currently resides in Cocoa, Florida, located within the Middle District of Florida. The IRS Appeals Office making the determination Plaintiff seeks to have reviewed by this Court is located in Jacksonville, Florida. On this basis, the United States argues that venue is improper in the Eastern District of Michigan, as "all of the events giving rise to plaintiff's claim in this action arose in Jacksonville, Florida." (Def.'s Mot. to Dismiss at 8.)

---

[1] Plaintiff filed a Sur-Reply without leave to do so. See E.D. Mich. LR 7.1(c)(1)(A), which only provides that the movant may file a Reply Brief.

In the Addendum to his Response, Plaintiff asserts venue before this Court is proper. Plaintiff points out that the underlying consent judgment in this matter was entered into before this Court. The validity of that judgment under Michigan law is presently at issue. In addition, Plaintiff is a former resident of Michigan, his attorney is still based in Michigan, and all correspondence with the Government originated from Michigan. On this basis, Plaintiff argues this forum is more suitable to a proper resolution of the questions presented. The Court agrees with Plaintiff and finds venue is proper within the Eastern District of Michigan. See 28 U.S.C. § 1391(e)(2) (a civil action may be brought where "a substantial part of the events or omissions giving rise to the claim occurred.").

**B.        Sovereign Immunity from State Limitations Periods**

Under Michigan law, there is a ten-year limitations period for actions founded upon judgments to be timely filed. See Mich. Comp. Laws 600.5809(3). Plaintiff relies upon this state statute in alleging the IRS levy here at issue is invalid. The United States moves for dismissal because it is exempt from the Michigan law and may enforce the judgment in its favor.

"The sovereign is exempt from the consequences of its laches, and from the operation of statutes of limitations . . . ." *Guaranty Trust Co. of New York v. United States*, 304 U.S. 126, 132 (1938). The Supreme Court differentiated between statutes of limitations and other time limits in *Custer v. McCutcheon*, 283 U.S. 514 (1931). The Court considered a state statute authorizing the issuance of writs of execution within five years after the entry of judgment. In holding the time limitation applicable to the government, the *Custer* Court stated that "[t]he time limited for issuing executions is, strictly speaking, not a statute of limitations . . . ." *Id.* at 519. At the same time, *Custer* specifically allowed the government to bring an action upon the judgment rather than issue

3

a writ of execution. *Id.*

The Supreme Court addressed the applicability of statutes of limitations again in *United States v. Summerlin*, 310 U.S. 414 (1940). In *Summerlin*, the government filed proof of its claim as a creditor of the defendant's estate after the eight-month time limit set forth by Florida statute. A unanimous Court held the government was not bound by the state law. The Court reasoned that it is "well settled that the United States is not bound by state statutes of limitation or subject to the defense of laches in enforcing its rights." *Id.* at 416. If the effect of the Florida law was to invalidate a claim of the government, then the statute "transgressed the limits of state power." *Id.* at 417. The Court reasoned as follows, "[w]hen the United States becomes entitled to a claim, acting in its governmental capacity and asserts its claim in that right, it cannot be deemed to have abdicated its governmental authority so as to become subject to a state statute putting a time limit upon enforcement." *Id.*

In this instance, the United States is clearly acting in a governmental capacity in attempting to collect on the 1990 consent judgment. *Cf. United States v. California*, 507 U.S. 746 (1993). The Court finds the Michigan ten-year limitations period does not bind the government here. *See United States v. Peoples Household Furnishings, Inc.*, 75 F.3d 252 (6th Cir. 1996). The Court upholds the ruling of the IRS Office of Appeals, grants the United States' Motion, and dismisses Plaintiff's Complaint.

    **C.**    **Injunctive Relief**

Because the Court rejects Plaintiff's claim that the 1990 consent judgment is invalid, there is no need to address the United States' argument that the Anti-Injunction Act, 26 U.S.C. § 7421(a), applies.

### D. Judgment Interest

Plaintiff contends the IRS miscalculated the interest owing on the 1990 consent judgment. The IRS allegedly did not consider payments previously made by Plaintiff. Taxpayers challenging IRS determinations may only seek review of issues raised at the collection due process hearing. 26 U.S.C. § 6330(d); 26 C.F.R. § 301.6330-1(f), Q-F5/A-F5. Plaintiff does not support his contention with any evidence indicating the method to be used to calculate the correct balance, nor does Plaintiff demonstrate how the IRS allegedly erred in its calculations. At the collection due process hearing below, Plaintiff did not set forth such evidence. The propriety of the method of calculation of the amount owed by Plaintiff is not properly before the Court.

## V. CONCLUSION

For the aforementioned reasons, the Court GRANTS Defendant's Motion to Dismiss. Accordingly,

IT IS ORDERED that Defendant's Motion to Dismiss **[Docket No. 3, filed April 29, 2005]** is GRANTED.

IT IS FURTHER ORDERED that this matter is DISMISSED.

s/ DENISE PAGE HOOD
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

DATED: July 29, 2005